DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MAYFAIR JEWELERS, INC.,           )
                                  )
                Plaintiff,        )
                                  )
        v.                        )   2015-cv-12
                                  )
SAI INVESTMENT, LLC d/b/a         )
MINER'S GEMS, AK,                 )
                                  )
                Defendant.        )
_____  )

ATTORNEYS:

**Mark Wilczynski**
**Nicholas Jon Pompeo**
Law Office of Mark Wilczynski
St. Thomas, U.S.V.I.
    *For Mayfair Jewelers, Inc.,*

**Arthur Pomerantz**
**Terri L. Griffiths**
St. Thomas, U.S.V.I.
    *For SAI Investment, LLC d/b/a Miner's Gems, AK.*

## MEMORANDUM OPINION

Before the Court is the motion of SAI Investment, LLC d/b/a Miner's Gems, AK for partial summary judgment.

## PROCEDURAL AND FACTUAL HISTORY

Mayfair Jewelers, Inc. ("Mayfair") runs a jewelry store on St. Thomas. SAI Investments, LLC ("SAI") also sells jewelry on St. Thomas. SAI conducts its business in retail space that it rents within other jewelry stores. From the fall of 2010 through the spring of 2014, SAI rented a space within Mayfair's

*Mayfair Jewelers v. SAI Investment*
Civ. No. 15-12
Page 2

store during the tourist seasons.  The rental period for that space was from October through April of the following year.  The rental agreement between SAI and Mayfair was oral.

In 2013, SAI bought some display cases that it used in its renal space.  At the end of the 2013-2014 tourist season, SAI asked Mayfair if it could leave the display cases with Mayfair for SAI's use during the following tourist season.  Mayfair agreed.  According to their agreement, SAI would use the display cases during the tourist season beginning in October.  Mayfair had the right to use the cases during the rest of the year.

In anticipation of the 2014-2015 tourist season, Mayfair started a marketing campaign that included SAI's products.  The advertisements stated that SAI's products would be sold at Mayfair's store from October 25, 2014, to April 25, 2015.

On October 27, 2014, SAI contacted Mayfair.  SAI informed Mayfair that SAI was now on St. Thomas.  SAI also informed Mayfair that it might take two weeks before SAI was ready to begin selling jewelry.

Thereafter, a dispute arose between Mayfair and SAI. Mayfair requested SAI pay rent for the entire tourist season, October 25, 2014, to April 25, 2015. SAI refused.  SAI contends that a reduction in rent was reasonable because SAI would not use the rental property during the first two weeks of the

*Mayfair Jewelers v. SAI Investment*
Civ. No. 15-12
Page 3

tourist season.  Among the issues of contention was whether or not the parties already had a contract for SAI to lease the location for the period from October 25, 2014, to April 25, 2015.

On November 5, 2014, SAI decided not to use Mayfair's store space during the 2014-2015 tourist season.  SAI informed Mayfair of its decision.  SAI requested that its display cases be returned on several occasions.  Mayfair has refused to return the display cases.

On February 25, 2015, Mayfair brought the current action before this Court.  Mayfair asserts two claims.  Count I is for breach of contract.  Count II is for false advertisement under the Lanham Act.

On April 21, 2015, SAI filed its answer to the complaint. SAI also filed three counterclaims.  Count I of the counterclaim is for conversion of the display cases.  Count II of the counterclaim is for unjust enrichment.  Count III of the counterclaim is for false designation of origin and unfair competition under the Lanham Act.

On July 16, 2015, SAI moved for partial summary judgment as to Count I of its counterclaim.

*Mayfair Jewelers v. SAI Investment*
Civ. No. 15-12
Page 4

## DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hersh v. Allen Products Co.,* 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *See Gans v. Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or. . . vague statements. . . ." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd.*

*Mayfair Jewelers v. SAI Investment*
Civ. No. 15-12
Page 5

*of Educ. v. Earls,* 536 U.S. 822, 850 (2002); *see also Armbruster*

*v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir. 1994).

## ANALYSIS

Conversion is the intentional exercise of "dominion or

control over a chattel which so seriously interferes with the

right of [the plaintiff] to control it that the [defendant] may

justly be required to pay the [plaintiff] the full value of the

chattel." *Addie v. Kjaer,* 51 V.I. 463, 473, 2009 WL 482497

(D.V.I. 2009)(citing RESTATEMENT (SECOND) OF TORTS § 222A).  In

particular, the plaintiff must establish that: (1) it had an

ownership interest in the property, (2) that it is entitled to

immediate possession of the property; and (3) that the defendant

unlawfully or without authorization retained the property. *See*

*id.* at 475.  As such, "[o]ne in possession of a chattel as

bailee or otherwise who, on demand, refuses without proper

qualification to surrender it to another entitled to its

immediate possession, is subject to liability for

its conversion." RESTATEMENT (SECOND) OF TORTS § 237.

In order to prevail on its claim, SAI must establish that

it has a property interest in the display cases, that it is

entitled to the display cases immediate return, and that Mayfair

has refused to return the display cases. *See Addie*, 51 V.I. at

474.

*Mayfair Jewelers v. SAI Investment*
Civ. No. 15-12
Page 6

In its first counterclaim, SAI makes several allegations. SAI purchased a set of display cases. *See Countercl.* ¶ 34. SAI left the display cases in Mayfair's possession. *See Countercl.* ¶ 35. SAI never relinquished sole ownership of the display cases to Mayfair. *See Countercl.* ¶ 34-35. SAI requested return of the display cases. *See Countercl.* ¶ 40. Mayfair has refused to return the display cases. *See Countercl.* ¶ 23.

Mayfair admits each of these allegations in its answer to SAI's first counterclaim. See *Answer to Countercl.* ¶ 23, 34, 35, 40. Mayfair's "admissions are binding for the purpose of the case in which the admissions are made. . . ." *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972). Mayfair's admissions satisfy the three elements of a claim for conversion. Having met its burden for summary judgment, the burden now shifts to Mayfair to establish that SAI is not entitled to summary judgment.

Mayfair does not attempt to establish that any material facts are in dispute. Instead, Mayfair argues that it is holding onto the display cases under the doctrine of distraint. Distraint is the detention of personal property until an obligation has been satisfied by the owner of the personal property. *See* BLACK'S LAW DICTIONARY 542 (9th Ed. 2004). The Court construes Mayfair's assertion to mean that Mayfair is asserting

*Mayfair Jewelers v. SAI Investment*
Civ. No. 15-12
Page 7

a possessory lien over the property.

Title 28 of the Virgin Islands Code addresses property

disputes between a landlord and a tenant.  28 V.I.C. § 582

states that:

> Any person who
>      (2)  safely  keeps  or  stores  any  grain,
>      wares, merchandise, or personal property
>      at  the  request  of  the  owner  or  lawful
>      possessor thereof. . .
> shall  have  a  lien  upon  such  property  for  his
> just  and  reasonable  charges  for  the  labor,
> care,  and  attention  he  has  bestowed  and  the
> food  he  has  furnished,  and  he  may  retain
> possession  of  such  property  until  such  charges
> are paid. . . .

28 V.I.C. § 582.  28 V.I.C. § 587 further states that a person

must file evidence of their lien "in the recorder's office of

the judicial division where the property is situated. . . ."

Thus, in order to have a valid possessory lien, Mayfair was

required to file its claim with the Recorder of Deeds office for

the St. Thomas-St. John district. *See* 28 V.I.C. § 587; *see also*

*Beaupierre v. Industrious*, 19 V.I. 424 (Terr. Ct. V.I. June 30,

1983)("It therefore follows that unless the claim is timely

recorded after rendition of the services, the protection of the

mechanic's lien law is not available to a person who retains

possession of another's personal property after improving that

property by labor or materials.").  In its opposition to SAI's

motion for summary judgment, Mayfair states that "Plaintiff does

*Mayfair Jewelers v. SAI Investment*
Civ. No. 15-12
Page 8

not now and has never made a statutory claim to hold the debtor-Defendant's jewelry cases." *See Opp'n* at 5.  Mayfair has failed to adduce any facts showing a valid lien.  Mayfair has also failed to bring to the Court's attention any law showing that a filing was not required.

An appropriate Judgment follows.